McGREGOR W. SCOTT
United States Attorney
AUDREY B. HEMESATH
OWEN ROTH
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

FILED
APR 20 2018
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARTIN GASCA-ROJAS,

    Defendant.

CASE NO. 2:17-CR-077 JAM

STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING DISSEMINATION OF PERSONAL IDENTIFICATION INFORMATION

    IT IS HEREBY STIPULATED AND AGREED among the parties and their respective counsel, Owen Roth, Assistant United States Attorney, on behalf of the Government, and Douglas Beevers, on behalf of Martin Gasca-Rojas ("Defendant"), that certain information, as defined below, is subject to a Protective Order.

    On or about April 4, 2018, the Government disclosed to Defendant's counsel the true name of the individual (the "Cooperating Source") who has cooperated with law enforcement in the investigation against Defendant (the "Personal Information"). The parties agree that the Personal Information is sensitive because if it were widely disseminated, it could invite intimidation or retaliation against the Cooperating Source. For this reason, the parties agree that certain steps are appropriate to limit the dissemination of the Personal Information. Those steps are set forth below.

    The parties agree that the Personal Information does not need to be written in any documents filed publicly with the Court, including but not limited to the parties' witness lists, trial briefs, and

motions in limine. The parties therefore agree not to write the Personal Information in any publicly filed materials.[1] In all filings, they must refer to the Cooperating Source as "Person A."

By this stipulation, Defendant's counsel also agrees that as of the date of this protective order, he will limit disclosure of the Personal Information to Defendant; the defense investigator; any paralegals or assistants within counsel's office who are participating in the case; and any person whom, as a result of counsel's investigation, he reasonably believes disclosure is needed to seek information or evidence relevant to Defendant's case. Defendant's counsel agrees that neither he nor any member of his team (i.e., his investigator, paralegals, and assistants) shall disclose the Personal Information except under the terms of this Protective Order. Further, counsel agrees to admonish all other persons to whom he provides or has provided the Personal Information that the Court has entered an order limiting the disclosure of the information, and that such persons should not further disseminate the information. Unless counsel judges it necessary, he shall not disclose any information about the Confidential Source except the Personal Information to Defendant or to any third parties whom he or his team interviews as part of their efforts to prepare for trial or otherwise investigate the case. If such a circumstance arises, he shall not make such a disclosure before contacting the Government, so that the Government may take appropriate steps to ensure the security of the Cooperating Source.

Defendant's counsel represents in this stipulation that he has informed Defendant of the Personal Information. Defendant's counsel will redact the Personal Information and information gathered by counsel that could aid Defendant or a third party in locating or contacting the Cooperating Source from counsel's file before turning over the file to Defendant.

The parties also agree that at trial, they may identify the Personal Information to the venire panel, but will not explain to the panel that the Personal Information is the name of an individual who has cooperated with law enforcement. (In other words, the parties may confirm whether any potential juror knows any person with the name of the Cooperating Source, but they may not explain that the Personal Information belongs to a person who has cooperated with law enforcement.)

---

[1] The Government does not concede that Defendant has a basis to call the Cooperating Source as a witness in Defendant's case-in-chief, and reserves the ability to move to quash Defendant's trial subpoena, if any.

In the event that Defendant substitutes counsel, Defendant's counsel agrees to withhold the Personal Information from new counsel until such time as substituted counsel agrees to be bound by this Protective Order.

Dated: April 17, 2018

McGREGOR W. SCOTT
United States Attorney

/s/ OWEN ROTH
AUDREY B. HEMESATH
OWEN ROTH
Assistant United States Attorneys

Dated: April 17, 2018

/s/ DOUGLAS J. BEEVERS
DOUGLAS J. BEEVERS
Counsel for Defendant
MARTIN GASCA-ROJAS

## [PROPOSED] FINDINGS AND ORDER

FOR GOOD CAUSE SHOWN, pursuant to the stipulation of counsel, any information transmitted to Defendant's counsel that is identified as "Personal Information" by the U.S. Attorney's Office shall be handled by the parties under the terms identified in the foregoing stipulation. In the event that defendant substitutes counsel, present defense counsel shall withhold the Personal Information until such time as substitute counsel has agreed to be bound by this Protective Order.

IT IS SO ORDERED.

April 20, 2018

THE HONORABLE JOHN A. MENDEZ
United States District Judge