McGREGOR W. SCOTT
United States Attorney
OWEN ROTH
AUDREY B. HEMESATH
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN GASCA ROJAS,<br><br>Defendant. | CASE NO. 2:17-CR-77 JAM<br><br>NOTICE OF REQUEST TO SEAL GOVERNMENT'S EX PARTE MOTION AND PROPOSED ORDER |

Pursuant to Local Rule 141(b), the United States, by and through Assistant United States Attorney Audrey B. Hemesath, provides notice that it is requesting to file under seal:

(1) An *ex parte* Motion disclosing potential Giglio information regarding a potential witness in the upcoming criminal trial;

(2) A Proposed Order;

(3) a Request to Seal Documents.

The basis for sealing these documents is that the disclosure contains information that, if disclosed, has a high potential for improper use or use for scandalous or libelous purposes. *EEOC v. Erection Co*., Inc., 900 F.2d 168, 170 (9th Cir.1990). The need to protect the witness from the improper, scandalous or libelous use of the information outweighs the public right to access. *Oregonian Publ'g Co. v. U.S. Dist. Court*, 920 F.2d 1462, 1465 (9th Cir. 1990). This is particularly so because it is the

NOTICE OF REQUEST TO SEAL AND PROPOSED ORDER      1

government's position that the information being disclosed to the Court is not required to be disclosed to the defendant as *Giglio* material. *Giglio v. United States*, 405 U.S. 150, 154 (1972). The government is disclosing the information to the Court in an abundance of caution. *United States v. Dupuy*, 760 F.2d 1492, 1501 (9th Cir. 1985) ("Consultation with the judge is particularly appropriate where the Government has legitimate reasons for protecting the confidentiality of the material requested, for the trial judge can then weigh the Goevrnment's need for confidentiality against the defendant's need to use the material in order to obtain a fair trial."); *United States v. Agurs,* 427 U.S. 97, 106 (1976) (noting that the prosecutor can either "furnish[] the information or . . . submit[] the problem to the trial judge.").

The request is narrowly tailored to serve the interest of the witness in avoiding improper, scandalous or libelous use of the information, while still preserving the public right of access. In the event the Court rules that the information need not be disclosed as *Giglio* material, then there was never a defense or public right of access to the information. In the event the Court rules that the information must be disclosed as *Giglio* material, then the government will make the disclosure with sufficient time for adequate defense preparation in the event the government calls the individual as a witness.

The Notice of Request to Seal and Proposed Order is being filed electronically. The Request to Seal Documents, Motion, and Proposed Order were not served on the defendant because of the *ex parte* nature of those documents.

Dated: May 9, 2018                              McGREGOR W. SCOTT
United States Attorney

By: /s/ AUDREY B. HEMESATH
AUDREY B. HEMESATH
OWEN ROTH

Assistant United States Attorneys

## ORDER

Pursuant to Local Rule 141(b) and based upon the representation contained in the Government's Request to Seal, IT IS HEREBY ORDERED that the government's motion disclosing potential Giglio information, proposed order, and Government's Request to Seal shall be SEALED until further order of this Court. The Court finds a need to protect the witness from the improper, scandalous or libelous use of the information, and that this compelling interest outweighs any public right of access to this information. The Court further finds the sealing request is narrowly tailored to protect the interest of the potential witness.

Dated: 5/9/2018

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE